**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

MARILYN J. RYAN,
             Appellant,

        v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
CH-0752-16-0485-I-1

DATE: May 8, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen T. Fieweger, Esquire, Davenport, Iowa, for the appellant.

Emily L. Macey, Rock Island, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her 30-day suspension appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      As properly described in the initial decision, the appellant filed a Board appeal of her 30-day suspension, effective June 22, 2016.  Initial Appeal File (IAF), Tab 21, Initial Decision (ID) at 1.

¶3      Immediately prior to the start of a hearing held on February 6, 2017, the parties reached an oral settlement agreement.  IAF, Tab 18, Hearing Compact Disc (HCD), Tab 22, Hearing Transcript (HT).   During the hearing, the administrative judge described the following terms of the agreement:  the length of the appellant's 30-day suspension would be reduced to 14 calendar days; the remaining 16 days of her suspension would be held in abeyance for 2 years; if she engaged in misconduct during the 2-year period, the 30-day suspension would be reactivated and she waived her right to appeal that action; she would receive back pay and benefits for the remaining 16 days of her suspension and a refund of health and dental insurance premiums paid during that time period, provided she submitted payment records; and she would receive up to $1,500 in attorney fees upon the submission of a bill showing that the fees were reasonable.  HCD; HT at 3-4.  The administrative judge clarified that the agreement was not a global settlement of the appellant's equal employment opportunity complaint and that

she agreed to withdraw her Board appeal. HCD; HT at 4. The administrative judge further represented that the agreement was voluntary, the parties understood its terms, and it would be accepted into the record. HCD; HT at 4. The administrative judge asked the parties if she accurately covered the terms of the agreement and if they had anything to add or correct. HCD; HT at 4. The representatives of the appellant and the agency agreed that the administrative judge described the terms, and they did not offer an addition or correction. HCD; HT at 4. The appellant was present at the hearing. HCD; HT at 4.

¶4 The administrative judge thereafter issued an initial decision dismissing the appeal as settled. ID at 1-2. She found that the Board has jurisdiction over the appellant's timely appeal. ID at 1. She further found that the parties voluntarily and freely entered into a settlement agreement, they understood its terms, and it was lawful on its face. ID at 1-2. She accepted the agreement into the record for enforcement purposes and acknowledged that one of its terms was the appellant's withdrawal of her Board appeal. ID at 2.

¶5 The appellant has filed a petition for review requesting the Board to reinstate her appeal and alleging that the settlement agreement was not entered into voluntarily nor signed, and that she disagrees with its terms. Petition for Review (PFR) File, Tab 1 at 1. The agency has filed a response asserting that, after the hearing, the parties corresponded regarding a written settlement agreement but that the appellant has not executed it. PFR File, Tab 3 at 6. However, the agency argues that the oral settlement agreement is valid and that reinstatement of the appeal is not warranted. *Id.* at 7-8. The agency has submitted, among other things, evidence of the parties' correspondence and unsigned drafts of the written agreement.[2] *Id.* at 18-49.

---

[2] Even assuming these documents are "new" for purposes of 5 C.F.R. § 1201.115, we find that they do not contain information material to the outcome of this appeal. PFR File, Tab 3 at 10-49.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        Generally, an oral settlement agreement is valid and binding on the parties even though the appellant has subsequently declined to sign a written document memorializing the terms of the agreement. *Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶ 7 (2010). Even if there is language suggesting that the oral agreement subsequently will be reduced to writing, the agreement is still binding absent a showing that the parties did not intend to be bound until a written agreement was signed. *Id.*

¶7        Here, the administrative judge dismissed the appeal based on the parties' oral settlement agreement, ID at 1-2, and the recording of that agreement makes clear that they reached a binding settlement agreement, HCD; HT at 3-4; *see Tiburzi v. Department of Justice*, 269 F.3d 1346, 1353 (Fed. Cir. 2001) (finding that the hearing transcript showed that the parties understood that a complete and binding agreement had been reached when the administrative judge asked them whether the terms entered into the record constituted all the terms of the settlement agreement, and the parties answered in the affirmative and agreed that the agreement would be enforceable by the Board). The recording contains no statement that only a written and signed agreement would be binding on the parties. HCD; HT; *see Schwartz*, 113 M.S.P.R. 601, ¶ 7. Thus, we find that the oral settlement agreement was the operative agreement in this case, and therefore, the appellant's dispute on review regarding specific terms of the written agreement is immaterial. PFR File, Tab 1 at 1; *see Schwartz*, 113 M.S.P.R. 601, ¶ 7.

¶8        A party may challenge the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Schwartz*, 113 M.S.P.R. 601, ¶ 8. The party challenging the validity of the settlement agreement bears a "heavy burden." *Id.* (quoting *Asberry v. U.S. Postal Service*, 692 F.2d 1378, 1380 (Fed. Cir. 1982)).

¶9       In her petition for review, the appellant alleges that she did not voluntarily enter into the settlement agreement and that she was not in agreement with its terms on the date of the hearing.  PFR File, Tab 1 at 1.  We find that these allegations fail to satisfy her heavy burden of establishing that the settlement agreement is invalid.  *See Tiburzi*, 269 F.3d at 1355 (finding that the appellant's unsubstantiated allegations of coercion were not sufficient to invalidate the oral settlement agreement).  The record shows that, during the hearing, the appellant's representative agreed with the administrative judge's description of the terms of the agreement and did not offer an addition or correction when provided an opportunity to do so.  HCD; HT at 4; *see Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13 (stating that an appellant generally is responsible for the errors of her chosen representative), *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010).  Moreover, the appellant, who was present at the hearing, did not voice her objection to the terms of the agreement.  HCD; HT at 4.

¶10      To the extent the appellant believes that the agency has breached the terms of the oral settlement agreement, she may file a petition for enforcement with the Board's regional office.  5 C.F.R. § 1201.182(a).  Accordingly, we find that the administrative judge properly dismissed this appeal as settled.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.